# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CONNIE FIELDER,

        Plaintiff,

v.                                                   No. 18-cv-247-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II or Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383c. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion for Reversal and Remand and Brief in Support of Motion (Docs. 19 and 20), filed August 10, 2018, and the Commissioner's response in opposition (Doc. 22), filed September 24, 2018. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion should be DENIED.

## I. PROCEDURAL BACKGROUND

In January 2014, Plaintiff filed applications for Social Security and Supplemental Security Income disability benefits, alleging that she had been disabled since February 1, 2013, due to neuropathy, asthma, pinched nerve, and cage in neck. (AR 67, 69). On April 11, 2014, it was determined that Plaintiff was not disabled and her claim was denied. (AR 85-86). This determination was affirmed on September 22, 2014 (AR 109-10), and a subsequent hearing

before administrative law judge ("ALJ") Cole Gerstner, held on December 2, 2016, again ended in a denial. (AR 12-25).

In making his decision, ALJ Gerstner engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 1, 2013.[2] (AR 17). At step two, the ALJ found that Plaintiff has the severe impairments of cervical stenosis, obesity, status-post cervical fusion multi-level, depression, asthma with mild-supplemental oxygen at night, and obstructive sleep apnea with nocturnal hypoxemia. (*Id.*). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (*Id.*).

ALJ Gerstner next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift, carry, push and pull twenty pounds occasionally, ten pounds frequently. She can sit, stand, and walk six hours in an eight-hour workday. She can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally crawl. She can have occasional exposure to unprotected heights and moving machinery. She can occasionally work around dust, odor, fumes and pulmonary irritants. She can perform simple, routine, unskilled tasks.

(AR 19-20). The ALJ then proceeded to steps four and five where, with the help of a vocational expert, he determined that Plaintiff could not perform her past relevant work but she could perform the requirements of representative occupations such as counter clerk retail setting, flat work tier, and merchandise marker. (AR 24).

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2016. (AR 17).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

The ALJ's decision became final when, on January 19, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5). Plaintiff now asks the Court to reverse and remand the Commissioner's decision.

## II. PLAINTIFF'S ARGUMENTS

Plaintiff's challenge to the Commissioner's decision is based on the premise that ALJ Gerstner failed to include standing and walking limitations in his RFC findings. Plaintiff's argument is difficult to follow, however, as the only contention she supplies in support thereof is that the ALJ impermissibly assigned great weight to opinion evidence provided by non-examining state agency medical consultants. Plaintiff does not suggest that other source evidence was entitled to greater weight. Instead, she merely states that the consultants "reviewed the full record well more than two years prior to the ALJ's decision [in] this case and, more importantly, almost exactly 2 years before [her] need for supplemental oxygen." (Doc. 20, p. 7). From this, Plaintiff concludes that her RFC is inaccurate and that the ALJ's errors in this regard tainted the remainder of his findings.

Importantly, the Court's review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). It is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Plaintiff's arguments, to the extent they are

discernable, do not establish that ALJ Gerstner erred in either his consideration or application of the evidence of record.

### III. ANALYSIS

Prior to formulating Plaintiff's RFC, ALJ Gerstner considered the evidence of record and, as is relevant here, assigned "great weight" to the medical findings made by non-examining state agency consultants at both the initial and reconsideration levels of review. (AR 22). Not surprisingly, then, ALJ Gerstner's RFC findings mirror the determinations made by the non-examining consultants. (AR 71-73, 103-105).

Plaintiff does not take issue with the ALJ's discussion of the consultants' evidence; rather, she cites to SSR 96-6p, 1996 WL 374180, (July 2, 1996) for the proposition that "the opinion of a nonexamining consultant may only be entitled to great weight if it is based upon 'a review of the *complete case record* that includes a medical report from a specialist in the individual's particular impairment' and '*provides more detailed and comprehensive information*' than other sources." (Doc. 20, p.7) (emphasis in the original). Plaintiff argues that the consultants' opinions do not conform to this mandate.

Plaintiff then concludes that, because the state agency medical consultants made their decisions based on an outdated record, the ALJ "failed to build a 'logical bridge' between the evidence and his findings." (Doc. 20, p. 8). Here, Plaintiff briefly explains that while the ALJ noted that she uses supplemental oxygen while she is sleeping, he should have considered the fact "that exerting herself increases her hypoxemia." (Doc. 20, p. 7). Plaintiff continues that her exertion difficulties should have translated into unspecified standing and walking limitations. From what the Court can glean from Plaintiff's Motion, Plaintiff appears to be suggesting that, but for the ALJ's reliance on the medical consultants' opinions, her RFC would have contained

additional limitations. This is simply not the case as ALJ Gerstner based his decision upon a review of all of the evidence of record. The medical consultants' opinions were but one piece of the puzzle.

When assessing a claimant's RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). This assessment is based on all of the evidence of record, including statements provided by medical sources about what the claimant is still able to do despite her impairments. 20 C.F.R. § 404.1545(a)(3). The ALJ must also consider descriptions offered by the claimant and other individuals regarding the limiting effects of the claimant's impairment(s) and symptoms. *Id.* While "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question[,]" *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012), substantial evidence must support the ALJ's RFC determination. *See, e.g., Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (explaining that factual findings must be supported by substantial evidence). Additionally, the ALJ's decision must provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

In his decision, ALJ Gerstner thoroughly discussed Plaintiff's medical records, as well as opinion evidence provided by Plaintiff, her mother, and the state agency psychological and medical consultants. ALJ Gerstner then provided specific reasons for the weight he ultimately assigned to the various opinions. As Plaintiff only challenges the permissibility of assigning great weight to the opinions of the non-examining medical consultants, and not the ALJ's analysis or discussion of this evidence or any of the evidence of record, the Court notes as follows.

Per SSR 96-6p, "State agency medical and psychological consultants…are experts in the Social Security disability programs." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). Accordingly, ALJs "may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id.* Contrary to Plaintiff's contention, SSR 96-6p does not limit the circumstances in which an ALJ may assign great weight to consultants' opinions. Rather, it addresses, inter alia, situations in which opinions from consultants may be entitled to greater weight than the opinions of treating or examining sources. *Id.* at *3. *One* such example is when the "consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.*

Because Plaintiff only argues that the ALJ was not permitted, in general, to assign great weight to the non-examining consultants' opinions, the Court must dismiss her allegations of error. It is worth mention, however, that in his discussion of the consultants' opinions, ALJ Gerstner provided specific reasons for assigning the evidence great weight, viz. that the consultants' findings were consistent with Plaintiff's MRI results and physical examinations. (AR 22).

Further, ALJ Gerstner thoroughly discussed Plaintiff's breathing impairments, including the fact that Plaintiff's "treatment records have shown that these conditions have proven generally correctable with only medication compliance with no recommendation for increased oxygen or inpatient treatment" and that Plaintiff's "providers have noted that her mood and asthma have overall proven stable with medications." (AR 23). Accordingly, ALJ Gerstner provided a detailed, substantiated explanation for his determination with respect to the consultant

supplied evidence and Plaintiff's breathing impairments.  *See, e.g.*, *Doyal*, 331 F.3d 758, 760 (10th Cir. 2003); *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984); SSR 96-6p, 1996 WL 374180, (July 2, 1996).

With her request for additional limitations, sans an argument or basis for challenging ALJ Gerstner's consideration of the record, Plaintiff appears to be asking the Court to reweigh the evidence and substitute its judgment for that of the ALJ.  This the Court cannot do.  *Glass*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff has not provided the Court with a basis for reversal and remand.  Consequently, the Court finds that Plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reversal and Remand (Doc. 19) is hereby **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**